IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL GRELL and** <br> **KENNETH ADAMS, individually** <br> **on behalf of themselves and** <br> **others similarly situated,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **JEREMY WOODSIDE and** <br> **ROSE CREEK LANDSCAPING,** <br> **LLC,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No._____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Come now the Plaintiffs Michael Grell and Kenneth Adams, individually on behalf of themselves and others similarly situated, by and through counsel, and would respectfully submit to the Court the following Complaint:

### JURISDICTION AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b) and 28 U.S.C. § 1331. The Court has personal jurisdiction over the Plaintiffs, with Plaintiff Grell being a resident of Williamson County, Tennessee, and Plaintiff Adams being a resident of Davidson County, Tennessee and the Defendant, who does business in Rutherford County, Tennessee.

3. Venue also lies in the Middle District of Tennessee, pursuant to 28 U.S.C. §1391, because the Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

## PARTIES

4. Plaintiff Michael Grell, is an adult resident of the State of Tennessee. Plaintiff Grell was employed by the Defendant Rose Creek Landscaping, LLC ("Rose Creek") at the time of the alleged events or omissions giving rise to this action.

5. Plaintiff Kenneth Adams, is an adult resident of the State of Tennessee. Plaintiff Adams was employed by the Defendant Rose Creek Landscaping, LLC ("Rose Creek") at the time of the alleged events or omissions giving rise to this action.

6. Defendant Rose Creek Landscaping, LLC is a Tennessee limited liability company with its principal office at 938 Compton Road, Murfreesboro, TN 37130-3301. It is authorized to do business in the State of Tennessee, and can be served through its registered agent, Jeremy A. Woodside, 938 Compton Road, Murfreesboro, TN 37130-3301.

7. Mr. Woodside is a natural person who resides at 938 Compton Road, Murfreesboro, TN 37130-3301. He is a citizen of the State of Tennessee and a resident of Rutherford County. Upon information and belief, he is the sole owner of Rose Creek Landscaping, LLC.

8. Plaintiffs were employees of Defendant Rose Creek at the time of the alleged events or omissions giving rise to this action. Plaintiffs were covered employees under the FLSA at all times relevant.

9. At all relevant times, Defendant was an "employer" within the meaning of 29 U.S.C. §203(d) and 29 C.F.R. § 791.2(a)(2012).

10. In addition to the named Plaintiffs, Defendant employs and has employed other similarly situated employees.

11. Upon information and belief, at all times, the wage and hour and all related employee compensation policies of Defendants are and were centrally and collectively dictated, controlled and ratified.

## FACTUAL BASIS FOR SUIT

12. This is a collective action under the FLSA, 29 U.S.C. § 201 et. seq. brought on behalf of all persons who, at any time during the past three years and up until the date of entry of judgment are or were employed by the Defendant and who worked overtime without proper compensation.

13. The collective action claims are for unpaid overtime compensation, liquidated damages, interest and attorney's fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

14. Plaintiffs bring this action on behalf of themselves and other similarly situated employees as authorized under 29 U.S.C. §216(b). Plaintiff's consent to be a party to this collection action pursuant to 29 U.S.C. § 216(b) is attached to the Complaint.

15. Plaintiffs had worked for the Defendants for approximately 2 months at the time of Plaintiff Grell's termination in the end of December 2017 and Plaintiff Adams's constructive discharge in early December 2017. Accordingly, Plaintiffs worked for the Defendants within both the two (2) and three (3) year statutes of limitations under the FLSA.

16. During the majority of his employment, Plaintiff Grell was compensated on an hourly basis.

17. However, toward the end, the Defendants compensated Plaintiff Grell on a salaried basis. At no time did Plaintiff Grell have the ability to hire and fire employees and he was not paid when he missed work whether hourly or salary.

18. At all times relevant hereto, Plaintiff Adams was compensated on a salaried basis despite having the same position as Plaintiff Grell and additionally not having the ability to hire and fire employees and/or receive pay if he was not able to work.

19. Plaintiffs performed work in excess of forty (40) hours per week on a regular and repeated basis.

20. Under the FLSA, "overtime must be compensated at a rate of not less than one and one-half times the regular rate at which the employee is actually employed: during the first forty (40) hours of work. 29 C.F.R. § 778.107.

21. When Plaintiffs worked more than forty (40) hours during a week, Defendants did not compensate them at a rate of "one and one-half times the regular rate at which the employee is actually employed" for the first forty (40) hours of work. *See* 29 C.F.R. § 778.107.

22. Specifically, when Plaintiffs worked over forty (40) hours per week, Defendant provided Plaintiff a payroll check at their regular rate of pay.

23. Likewise, other similarly situated employees regularly and repeatedly worked more than forty (40) hours per week without proper overtime compensation.

24. Defendants are unable to bear their burden of showing that Plaintiffs or those similarly situated fell within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§ 541.300, 541.301, 541.302, 541.303 or 541.304.

25. Defendants' failure to pay Plaintiffs and those similarly situated overtime wages is a willful violation of the FLSA.

26. Defendants are unable to bear their "substantial burden" of showing their failure to comply with the FLSA was in good faith and predicated on reasonable grounds. *Laffey v. Northwest Airlines*, 567 F.2d 429, 464 (D.C. Cir. 1976); 29 U.S.C. § 216(b): 29 U.S.C. §260.

27. Some evidence generally reflecting the number of uncompensated hours worked by Plaintiffs and/or potential Plaintiffs and the compensation rate for the relevant work periods is in the possession of Defendants. While Plaintiffs are unable to state at this time the exact amount owed, Plaintiffs propose to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according to proof thus obtained and presented to the Court.

28. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for straight time, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former employees of Defendants are similarly situated to Plaintiffs with regard to their wages and damages, in that they have been denied proper overtime compensation. Plaintiffs are representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action. Those similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records. These similarly situated employees may readily be notified of this action and allowed to "opt-in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for unpaid straight time, overtime compensation, liquidated damages, interest, attorney's fees and costs under the FLSA.

# CAUSES OF ACTION

## COUNT I
### (Alleging Violation of the FLSA for Unpaid Overtime, Brought on Behalf of Plaintiffs and All Similarly Situated Individuals)

29. All previous paragraphs are incorporated as though fully set forth herein.

30. The FLSA requires that Defendants pay employees overtime compensation "not less than one and one-half times" their regular rate of pay. 29 U.S.C. § 207(a).

31. Pursuant to Defendants' common business policies and/or practices, Defendant has violated the FLSA by consistently requiring, suffering, or permitting Plaintiffs and similarly situated individuals to work more than 40 hours per week and by failing to pay Plaintiffs and similarly situated individuals overtime compensation for all time worked above 40 hours per workweek.

32. In violation of the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### (Alleging Damages Due for Breach of Contract, Brought on Behalf of Plaintiffs and Similarly Situated Individuals)

33. All previous paragraphs are incorporated as though fully set forth herein.

34. Under Tennessee law, the relationship between an employer and employee is inherently contractual. See, e.g., *Williams v. Maremont Corp.* 776 S.W.2d 78, 80 (Tenn. Ct. App. 1988).

35. As part of this contractual relationship, employers are bound by an implied covenant of good faith and fair dealing.

36. The Defendants violated this implied covenant and, more broadly, its employment contract with Plaintiffs and similarly situated individuals, by forcing them to work under 40

hours a week and failing to compensate the Plaintiffs consistent with the FLSA at time and a half.

37. The Defendants violated this implied covenant and, more broadly, its employment contract with Plaintiffs and similarly situated individuals, by requiring, suffering, or permitting them to perform work for less than the agreed amount of compensation.

## COUNT III
### (Alleging, in the Alternative to Count II, Damages Due for Unjust Enrichment and Brought on Behalf of Plaintiffs and all Similarly Situated Individuals)

38. All previous paragraphs are incorporated as though fully set forth herein.

39. Under Tennessee law, a defendant is liable for unjust enrichment when a plaintiff confers a benefit upon the defendant; the defendant appreciates such benefit; and acceptance of such benefit under the circumstances renders it inequitable for the defendant to retain the benefit without paying for it.

40. Here, Plaintiffs Grell and Adams, as well as all similarly situated employees of Defendants, conferred benefits on Defendants in the form of uncompensated and/or undercompensated labor.

41. Defendants were clearly aware of and appreciated the benefit that Plaintiffs and similarly situated laborers conferred on it.

42. Accordingly, Defendants are and have been unjustly enriched by not fully paying Plaintiffs for all hours actually worked.

## COUNT IV
### (Alleging Violations of the FLSA on Behalf of Plaintiffs Grell and Adams, individually, for Retaliation)

43. All previous paragraphs are incorporated as though fully set forth herein.

44. Under the FLSA, it is unlawful for any person to discharge or in any other manner discriminate against any employee in retaliation for the employee's efforts to assert his or her FLSA rights, to bring FLSA violations to his or her employer's attention, or to complain to his or her employer in an effort to remedy FLSA violations. See 29 U.S.C. § 215(a)(3); *E.E.O.C. v. Romeo Cmty. Sch.*, 976 F.2d 985, 989-90 (6th Cir. 1992).

45. As detailed above, both Named Plaintiffs attempted to remedy the Defendants' persistent underpayment, which violated the FLSA, by reporting the underpayment to the Defendants.

46. In response, the Defendants continued to compensate the Named Plaintiffs as if they had worked no overtime.

47. After these events, Plaintiffs Grell and Adams continued to request that they be paid correctly for the hours they worked.

48. As a result of these events, on or around December 28, 2017, the Defendants terminated Plaintiff Grell's employment allegedly for dumping a load in the incorrect location and damaging property. However, Plaintiff Grell's superior confirmed that he dumped the load in the correct spot and did not damage the property alleged.

49. In or around the beginning of December 2017, the conditions became so intolerable that no reasonable person would remain. Therefore, Plaintiff Adams could no longer endure the conditions of the hostile work environment and was constructively discharged.

50. The Defendants' termination of Plaintiff Grell's employment constituted retaliation by the Defendants against the Named Plaintiffs for trying to exercise their FLSA rights.

51. This retaliation violated the FLSA, 29 U.S.C. § 215(a)(3).

52. The discrimination and retaliation that led to the constructive discharge of Plaintiff Adams violated the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief on behalf of themselves and other similarly situated employees who opt in to this action:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation provided to all potential members of the collective action;

C. A declaration that Defendant has violated the FLSA:

D. A declaration that Defendant's violation of the FLSA was willful and knowing;

E. Unpaid wages (including overtime wages) and prejudgment interest to the fullest extent permitted under the law;

F. An injunction prohibiting Defendant from violating the FLSA;

G. Liquidated damages to the fullest extent permitted under the FLSA;

H. Damages as result of the FLSA retaliation;

I. Litigation costs, expenses, and Plaintiffs' attorney's fees to be paid by Defendants to the fullest extent permitted under the law, including under 29 U.S.C. § 216(b);

J. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/Nina H. Parsley
Nina Parsley, BPR #023818
nina@poncelaw.com
Michael D. Ponce & Associates
Attorneys for Plaintiff
1000 Jackson Road, Suite 225
Goodlettsville, TN 37072
Telephone: (615) 851-1776