IN THE UNITED STATES COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **Michael Grell and Kenneth Adams,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 3:18-cv-00285 |
| ) | |
| **Jeremy A. Woodside and** ) | |
| **Rose Creek Landscaping, LLC** ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## ANSWER

COME NOW Defendants Jeremy Woodside and Rose Creek Landscaping, LLC (hereinafter the "Defendants"), by and through counsel, and for Answer to Plaintiffs' Complaint, would state as follows:

1. This paragraph does not contain allegations against the Defendants and therefore does not require a response.

2. Upon information and belief, admitted.

3. Upon information and belief, admitted.

4. Upon information and belief, admitted.

5. Upon information and belief, admitted.

6. Admitted.

7. Admitted.

8. Upon information and belief, admitted.

9. Denied as to Jeremy Woodside.

10. This paragraph contains legal conclusion and not factual allegations. In further response, Defendants deny the allegations contained in this paragraph.

11. Defendants are without sufficient information or knowledge to respond to the allegations of this paragraph and therefore deny the same.

12. This paragraph does not contain factual allegations against the Defendants and therefore does not require a response.

13. This paragraph does not contain factual allegations against the Defendants and therefore does not require a response.

14. This paragraph does not contain factual allegations against the Defendants and therefore does not require a response. Defendants deny the existence of any purported class.

15. This paragraph is denied in part and admitted in part. It is admitted that the Plaintiffs worked for Rose Creek for approximately two (2) months before their employment ended. Defendants deny the remaining allegations contained in this paragraph.

16. Admitted.

17. Denied.

18. Denied as stated.

19. Denied.

20. This paragraph does not contain factual allegations against the Defendants and therefore does not require a response.

21. Denied as stated.

22. Denied as stated.

23. Denied as stated.

24. This paragraph contains legal conclusion and not factual allegations and therefore does not require a response. To the extent a response is required, denied as stated.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Defendants' previous responses are incorporated herein.

30. This paragraph does not contain factual allegations against the Defendants.

31. Denied.

32. Denied.

33. Defendants' previous responses are incorporated herein.

34. This paragraph does not contain factual allegations against the Defendants.

35. This paragraph does not contain factual allegations against the Defendants.

36. Denied.

37. Denied.

38. Defendants' previous responses are incorporated herein.

39. This paragraph does not contain factual allegations against the Defendants.

40. Denied.

41. Denied as stated.

42. Denied.

43. Defendants' previous responses are incorporated herein.

44. This paragraph does not contain factual allegations against the Defendants.

45. Denied.

46. Denied.

47. Denied.

48. Denied as stated.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Defendants deny the allegations contained in Plaintiffs' prayer for relief and deny that any relief is due to them.

54. Any allegation not herein above denied, admitted or explained is hereby denied and strict proof is demanded thereof.

## **AFFIRMATIVE DEFENSES**

55. In order to avoid waiver, and pending discovery, Defendants submit that the Complaint fails to state a claim against Defendants upon which relief can be granted.

56. Defendants submit that some or all of the Plaintiffs' claims are barred by the doctrine of laches, estoppel, waiver and unclean hands.

57. Defendants submit that any violations of the FLSA, and/or claims for overtime pay, were not willful under the FLSA. 29 U.S.C. § 255.

58. Defendants submit the defenses contained in 29 U.S.C. § 260 and submits that any violations of the FLSA, and/or claims for overtime pay, were made in good faith upon reasonable grounds and on the advice of third parties.

59. In order to avoid waiver, Defendants submit the defenses contained in 29 U.S.C. § 259.

60. Defendants submit the avoidable consequences defenses.

61. Defendants submit that some or all of the Plaintiffs' claims are moot.

62. Defendants submit that some or all of the Plaintiffs' claims are de minimis and concern de minimis time.

63. Defendants submit that some or all of the Plaintiffs' claims should be barred for Plaintiffs' failure to properly record and report work hours and records.

64. Defendants submit that it did not have actual or constructive notice of some or all of the Plaintiffs' alleged work hours.

65. Defendants submit the defenses, protections and limitations of the FLSA.

66. Defendants submit that it acted in good faith and had reasonable grounds to believe their actions were in compliance with the FLSA.

67. Defendants submit that to the extent Plaintiffs seek recovery for non-compensable time, such claims are barred.

68. To the extent Plaintiffs may seek punitive damages, Plaintiffs' recovery is limited by the FLSA, Tennessee Constitution and U.S. Constitution.

69. Defendants submit that Plaintiffs' claims are estopped by the failure to submit their own time cards.

70. Defendants submit that the alleged hours and time for which Plaintiffs claim compensation is irregular and administratively difficult to record.

71. Plaintiffs and the members of any purported class are not similarly situated.

72. Plaintiffs have failed to mitigate damages.

73. Defendants submit that some or all of Plaintiffs claims are barred by accord and satisfaction.

74. Plaintiffs failed to exhaust administrative remedies.

75. Defendants deny the existence of any purported class.

76. Defendant Jeremy Woodside was not the employer of the Plaintiffs under the FLSA.

77. Plaintiffs cannot satisfy the requirements of a collective action under the FLSA. Plaintiffs, as two-month employees, are not adequate purported representative of the individuals they allegedly purport to represent.

WHEREFORE, having fulling answered the Complaint, Defendants pray that this case be dismissed with all costs taxed to the Plaintiffs and respectfully request all costs, expenses and attorney's fees related to the defense of this action.

Respectfully submitted,
Parkerson | Santel PLLC

By:/s/ Blake A. Garner
Blake A. Garner #31129
Attorney for Defendants
121 E. Main Street
Murfreesboro, TN 37130
615-956-7938
blake@parkersonsantel.com

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing document was sent to the following via the District Court's electronic filing system:

Nina Parlsey
1000 Jackson Road, Suite 225
Goodlettsville, TN 37072

on this 27 day of April, 2018.

                                            /s/ Blake A. Garner
                                              Blake A. Garner